Tilghman C., J.
Edward White was convicted of voluntary, manslaughter in the Court of Oyer and .Terminer for the county of Cumberland. The judgment of the court was “that he should undergo‘an imprisonment at hard labour and “ solitary confinement in the gaol and penitentiary house of “ Philadelphia, for the space of ten years, and for one year, *140 '•'■part of said time, be placed and kept in the solitary celts “ thereof on low and coarse diet,” &c.
In the fourth, fifth, and sixth sections of the act “ for the “better preventing of crimes,” &c. passed.the 22d April, 1/94, the punishment of certain crimes therein enumerated is prescribed, part of which punishment is that the convicts shall undergo a confinement in the gaol and penitentiary house of Philadelphia, and be kept, treated, and dealt with, in the manner directed by the act “ for reforming the penal “laws of this state,” passed April 5th, 1/90. In the seventh section it is enacted, that “ whosoever shall be convicted of “ any voluntary manslaughter, shall be sentenced to undergo “ an imprisonment at hard labour and solitary confinement, in “ the gaol and penitentiary house of Philadelphia, for any time “ not less than six nor more than ten years, and to give secu■“rity for his or her good behaviour,” &c. but it is not said, that “ they shall be kept, treated, and dealt with, in the man- “ ner prescribed by the act for reforming the penal laws of .“this state.” It is clear, therefore, that persons convicted of voluntary manslaughter are not subject to such treatment. But it has been contended by the counsel for the commonwealth, that the case of voluntary manslaughter is comprehended in the 10th and 11th sections. The 10th section enacts, that every person convicted in any county of this state, other than Philadelphia county, of any crime (except murder of the first degree) which now is, or on the 15th September, 1/86, was capital, or a felony of death without benefit of clergy, or of knowingly uttering counterfeit coin, or of being concerned in printing, signing, or passing any counter.feit notes of the Banks of Pennsylvania, North America, or of the United States, knowing them to be such, or of altering any of the genuine notes of either of the said banks, shall, as ■ soon as possible, be safely removed and conveyed by the sheriff to the gaol and penitentiary house aforesaid, and therein be kept during the term of .their confinement, in the manner and on the term.s mentioned in the 34th section of the act entitled, “ an act to reform the penal laws of this state.” The 11th section provides, that every persop convicted of any of the crimes last aforesaid (that is, the crimes mentioned in the 10th section), and who shall be confined in the gaol and penitentiary house aforesaid, shall be placed and kept in the solitary, cells thereof,-on Ipzv and. coarse diet, for such part or *141 portion of the time of his or her imprisonment, as the court in their, county shall direct and appoint, provided that it be not' more than one-half, nor less than one-twelfth part thereof. The question then is, whether voluntary manslaughter is one of those offences which were capital, or a felony of death ■without .benefit of clergy, on the 15th September, 1786? It certainly had the benefit of clergy, but it is said that it was capital, and if the offender did not choose to pray that benefit, he was liable to the punishment of death. We are to consider, however, what is the meaning of the word capital, used in the 10th section, and I take it to be explained by the words immediately following, a felony of death -without benefit of clergy, just as if the expressions had been, capital, that is to say, a felony of death without benefit of clergy. The legislature did not intend to say that a capital felony, and a felony -without benefit of clergy were different things ; for all felonies without benefit of clergy are capital. But they intended to ascertain the meaning of a capital felony so precisely, that no doubt could arise. After using the word capital, therefore, they added or without benefit of clergy. This mode of expression conveys the same idea as if they had said, by a capital felony is to be understood a felony without benefit of clergy. This is defining a capital felony in the way it is generally understood ; an offence for which the punishment is death. The punishment of voluntary manslaughter then, not being comprehended in the 10th and 11th sections, is to be found in the 7th section only. Consequently, the Court of Oyer and Terminer had no authority to order that Edward White should be kept in the solitary cells on low and coarse diet. I am therefore of opinion, that the judgment should be reversed.
Yeates J.
The judgment rendered in this instance, in the Court of Oyer and Terminer and General Gaol Delivery of Cumberland county, against the plaintiff in error, on a conviction of voluntary manslaughter, does not appear to me to be warranted bylaw. The 7th sect, of the act of 22d April, 1794, which fixes the punishment on such conviction, is wholly silent as to the portion of time in which the prisoner shall be kept in the solitary cells, and as to his being kept on low and coarse diet. Nor do I see how the 10th and 11th sections of the act can refer to the offence of which he was convicted. *142 Voluntary manslaughter was not a crime which, on the day of passing that law, or on the 15th September, 1786, could.with propriety be deemed capital, or a felony of death without benefit of clergy.
I am therefore of opinion that the judgment should be reversed. At the same time, from the view we have had of the case of the prisoner, upon this and a former occasion, I think he ought not to be set at large, without giving security to appear at the next Court of Oyer and Terminer, to answer any charge that may be brought against him, if the law officers of the commonwealth shall think it their duty to proceed further against him, and that he should stand committed Until such security be given.
Brackenridge J. concurred.
The Court ordered White to give security himself in Í5500, and one surety in $250. Conditioned for his appearance at the next Court of Oyer and Terminer, to be held .for Cumberland county.