The Courts’ opinion was delivered by
Duncan. J.
The errors assigned are, first, that the second count states the offence disjunctively.; that he did hite or cut off the ear. This would be an objection that could not be got over were this the charge alone, but the assault and battery is the offence, the mode, the injury inflicted, are circumstances of aggravation. The offence is the assault and battery with an intent to kill, an offence distinctly laid and punishable by law.
*226 The second error relates to the sentence. Is the sentence of confinement in the jail and penitentiary house of the city of Philadelphia, for three years, to be fed and clothed in the manner prescribed by the act of assembly in such case made and provided, warranted by any act of assembly ? It is not a common law punishment. This is not an indictment for maim at common law ; for cutting or biting off the ear, is not maim ; because, although the loss of that member disfigures, yet it-does not debilitate or render the party-less warlike. The indictment is not on the act of 22d April, 1794; it is not so laid, nor is it laid as done on purpose, and of malice aforethought, by lying in wait, and with an intention in so doing,to maim and disfigure. Respublica v. Langcake, 1 Yeates, 415. Same v. Reiker, 3 Yeates, 282. The sentence must therefore depend on the assault and battery with an intention to kill. All idea of murder is excluded, for the grand jury have found no bill as to the intention to murder. If the party had been found guilty of killing, it could not rise higher than voluntary manslaughter. For voluntary manslaughter this could not have been the sentence. The punishment is imprisonment at hard labour and solitary confinement, but .the convict is not to be kept, treated and dealt with, in the manner prescribed by the act for reforming the penal laws of this State. White v. Commonwealth, 1 Serg. & Rawle, 140. The mode of treatment is different from that of all other convicts, for they are subject to a very heavy punishment. The keepers may put iron yokes round their necks, and chains upon their legs, and otherwise restrain them.in irons. .The sentence which adjudges the convict to be fed, clothed, and treated as the law directs, is erroneous, unless the offender is expressly made subject to such treatment by some act of assembly. Kræmer v. Commonwealth, 3 Binn. 577. It never can be maintained, that an attempt to commit an of-fence should be punished with greater severity than if actually perpetrated. It is contrary to the genius of our laws, to the just proportion which it has been the endeavour of the Legislature always to maintain between criminals and their punishment. An assault and battery with an intention to commit a capital offence, as rape, or murder, or an attempt to commit the crime against nature, offences in their nature infamous, -would fall within that class of offences described by the 4th section of the act of 5th April,'1790, as “.offences *227 not capital, for which by the laws in force before the act entitled, “ An act to amend the penal laws of this State,” burning in the hand, cutting off the ears, placing in the. pillory, whipping, or imprisonment for life, was or might be inflicted.” The Court do not deem it necessary to define all the crimes which fall within that denomination, but have only to decide, that an assault and battery with an intention to kill, does not subject the party to the sentence passed in this case. Many offences punished in England by infamous inflictions, had not been so punished in Pennsylvania, before the act to amend the penal laws; and I would not be disposed to be governed by such cases in this State, or apply them to the construction of our penal laws, nor expose any citizen to infamous punishment, for undefined offences, not in their nature infamous, at the discretion of any Court. The judgment is therefore reversed ; but the prisoner is not to be set at large, without giving security to appear at the next Court of Quarter Sessions, to answer any charge that may be brought against him ; and he is to stand committed until such security be given.
The Court direct, that Scott, the prisoner, be bound in a recognisance in the sum of four hundred dollars, and one surety in the sum of two hundred dollars, to appear at the next Court of Quarter Sessions for Bedford county.
Judgment reversed.