## THE STATE VS. FELNER.

Under ch. 274, Laws of 1861, a defendant indicted for an assault with intent to murder, is not entitled to testify on his own behalf. That chapter relates to criminal trials where the only charge against the defendant is assault, or assault and battery.

Where the indictment is for an assault with intent to murder, and the defendant is found guilty of an assault and battery, and not guilty of an intent to murder, the court may sentence him (under sec. 10, ch. 179, R. S.) to be punished by imprisonment in the county jail for a term not exceeding one year, or by fine not exceeding five hundred dollars.

CERTIFIED from the Circuit Court for *Winnebago* County. The *Attorney General,* for the state.

*By the Court,* DOWNER, J. This cause is certified to this

court pursuant to the provisions of chapter 180, R. S. Two questions are presented for our consideration :

1. Was the defendant entitled to be sworn as a witness on his own behalf?

2. Whether the court below, when a defendant is indicted for an assault with intent to murder, and is at the trial found guilty of an assault and battery, and not guilty of the intent to murder, has power to sentence the defendant.

As to the first point, we are of opinion that the defendant had no right to be sworn as a witness in his own behalf. Chapter 274, Laws of 1861, applies to criminal trials where the only charge against the defendant is assault, or assault and battery.

As to the second question, section 10, ch. 179, R. S., expressly gives the power to sentence the defendant so convicted to be punished by imprisonment in the county jail for a term not exceeding one year, or by fine not exceeding five hundred dollars.

We advise the circuit court to proceed and sentence the defendant.

The cause is remanded for further proceedings.