## McKINNEY vs. THE STATE.

CRIMINAL LAW. *Duplicity — Form of indictment for assault by one armed with a dangerous weapon, with intent to murder — R. S. ch. 164, sec. 35.— Conviction for minor offense, when felonious intent not found. R. S. ch. 179, sec. 10.*

1. An indictment avers that the accused, " being then and there armed with a dangerous weapon, to wit: with a certain pistol," feloniously, etc., assaulted one D., and to, against, and upon him " did level and aim said pistol, then and there charged with gunpowder and one leaden bullet, and the contents of said pistol then and there did attempt to discharge and shoot to, against, and upon " said D. *Held*, a sufficient averment of an assault made by one " armed with a dangerous weapon."

2. The indictment proceeded in the same sentence to charge that the accused then and there knocked down said D., and beat, wounded and bruised him with hands and feet, etc., and adds : " with intent the said D., then and there," feloniously, etc., " by the means aforesaid, and in the manner aforesaid, to kill and murder," etc. *Held*, that this was a valid indictment (under sec. 35, ch. 164, R. S.) for an assault by one armed with a dangerous weapon, with intent to murder ; and was not double or uncertain, although stating facts not necessary to be charged.

3. Under such an indictment, the felonious intent not being found, the accused may be convicted of assault and battery. *State v. Felner*, 19 Wis. 561, re-affirmed.

ERROR to the Circuit Court for *Fond du Lac* County.

The plaintiff in error brings this suit to reverse a judgment against him in a criminal action in the court below. The nature of that action and the errors alleged will sufficiently appear from the opinion.

*Gerrit T. Thorn,* for plaintiff in error, to the point that the indictment was bad for duplicity, cited 1 Bishop's Crim. Procedure, 189·; *Greenlow v. The State,* 4 Humph. 25; *State v. Nelson,* 8 N. H. 163; *Miller v. State,* 5 How. (Miss.) 250; *People v. Wright,* 9 Wend. 193; *Wilson v. State,* 18 Ohio, 145; *Haney v. State,* 5 Wis. 529. 2. The indictment should have charged that the pistol used was a dangerous weapon (*State v. Patrick,* 3 Wis. 812), and that it was so loaded as to be capable of being discharged. Barb. Cr. Law, 86; *Rex v. Carr,* 1 Brit. Crown Cases, 377; *Rex v. Harris,* 5 Carr. & P. 254; *Regina v. Baker,* 1 Carr. & K. 253; *Regina v. James,* id. 529. 3. Counsel also argued that the accused could not be convicted, under the indictment, of a common assault and battery — criticising *State v. Felner,* 19 Wis. 561.

*The Attorney General,* for the state, in support of the indictment, cited 2 Colby's Cr. Law, 118; Bishop's Cr. Proced. 1, 189, 190, 192, 193, and note; Wharton's Cr. Law, §§ 384, 394; *Haney v. State,* 5 Wis. 529; Bishop's Cr. Law, 547. In support of the verdict and judgment, he cited *State v. Felner,* 19 Wis. 561; *State v. Fee,* id. 562; 9 Mich. 150; *Sweeney v. State,* 8 Miss. 576; 2 Parker, 213; 4 id. 61; R. S. ch. 164, sec. 49, and ch. 179, sec. 10.

DIXON, C. J. This was an indictment, under sec. 35, ch. 164, R. S., for an assault by the plaintiff in error, being armed with a dangerous weapon, with intent to murder; the punishment for which offense, as prescribed by that section, is imprisonment in the state prison not more than five years, nor less than one year. It is

objected, that the indictment, which contains but one count, is bad for duplicity, on the ground that it also charges the offense under section 32 of the same chapter, where, the offender not being armed with a dangerous weapon, a different and milder form of punishment may be inflicted. The plaintiff in error was tried, and convicted of assault and battery; but this objection was saved, a motion to quash having been made and overruled, and the plaintiff in error having likewise objected to evidence and moved in arrest of judgment. There was also another objection to the indictment, which is in like manner before us; and the nature of both will be best understood by transcribing at length that part of the indictment descriptive of the offense charged. After stating the time and place, the charge was, that the plaintiff in error, being then and there armed with a certain dangerous weapon, to wit, with a certain pistol, in and upon one John J. Driggs, feloniously, willfully, and of his malice aforethought, did make an assault; and that the said *Charles McKinney*, the pistol aforesaid, then and there charged with gunpowder and one leaden bullet, then and there feloniously, willfully and of his malice aforethought, did level and aim, to, against and upon the said John J. Driggs, and the contents of the said pistol then and there did attempt to discharge and shoot off, to, against and upon the said John J. Driggs, and the said John J. Driggs then and there with his feet did knock down upon the floor of the justice's office of the said John J. Driggs then and there being, and the said John J. Driggs then and there with his feet and knees in and upon the body of the said John J. Driggs did jump and press, and the said John J. Driggs, then and there, with his fists, hands and feet, in and upon the head, breast, sides, body and belly of the said John J. Driggs, did strike, beat, wound and bruise, and the said John J. Driggs other wrongs then and there did, with intent the said John J. Driggs then

and there feloniously, willfully, and of his malice afore-thought, by the means aforesaid, and in the manner afore-said, to kill and murder, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Wisconsin."

It is manifest, from the reading, that it was not the intention of the pleader to charge the two offenses, and that the averments from beginning to end are but a nar-ration in legal form of the particular facts and circum-stances attending the commission of the one offense first stated and only designed to be, which was the assault with intent to murder, being armed with a dangerous weapon. The question presented then is, whether the subsequent allegations as to the jumping, pressing, striking, wounding, etc., with feet, knees, hands and fists, are to be understood and applied as descriptive of the assault before averred to have been made with the pistol, and in aggravation of it, as the pleader intended ; or whether they must be construed as also charging the distinct offense of an assault with intent to murder, the offender not being armed with a dangerous weapon. We are of opinion that the former is the true and proper construction, and that the statements of the further acts done and perpetrated by the accused at the same time and place with the act previously charged, and as form-ing part of the same transaction, do not vitiate the indictment, but that such statements may, if need be, be rejected as surplusage. It clearly does not change the nature of the higher offense of assaulting with a dangerous weapon with intent to murder, if at the same time the offender likewise assaults and beats with his feet, fists, etc. ; and the latter facts, if additionally stated in the indictment, do not change the offense charged, nor render the count either inconsistent, double or uncertain. They are, at most, but facts and circum-stances stated, which were not necessary to be incorpo-rated in the indictment, and which, not being so incor-

porated, might have been given in evidence to the jury, and considered by them for the purpose of determining the intent with which the act principally complained of was done.

A very similar objection was taken to the indictment in *Green v. The State*, 23 Miss. 508. It was for an assault and attempt to commit the crime of rape, which was properly charged; and further, that the prisoner, "in said attempt did forcibly choke and throw down" the female assaulted. It was insisted that this amounted to a separate charge of assault and battery. But the court held otherwise, and said that the last allegation was evidently nothing more than a description, somewhat more minute, of the manner of the assault before averred to have been made.

And in *Scott v. The Commonwealth*, 6 Serg. & Rawle, 224, it was held that an indictment for assault and battery with intent to kill was not vitiated by stating that the defendant did *bite* or *cut* off the ear, etc.; the assault and battery with intent to kill being the offense which was punishable, and the injury inflicted merely a circumstance of aggravation. And see, also, *The State v. Fee*, 19 Wis. 562, where the words "armed with a dangerous weapon" were rejected as surplusage, thus holding an indictment good under section 45 of the same chapter, which was bad under the above-named section 35.

The other objection taken to the indictment, that the facts stated are insufficient to show that the pistol was a dangerous weapon, must, we think, be also overruled. The language, "then and there charged with gunpowder and one leaden bullet," is that found in the precedents, and usually employed in such indictments to designate the dangerous character of weapons of this kind; and no case is referred to, and we know of none, in which its sufficiency for that purpose has ever been doubted, or the contrary decided. If, as suggested by counsel, the

McKinney vs. The State.

pistol may have had no trigger or vent, or the vent may have been plugged, or if the pistol was not primed or capped, these were matters properly coming in evidence from the defense, and not necessary to be noticed or negatived in the indictment. No such nicety seems to be required by the rules of criminal pleading, and we are certainly not inclined to hold it necessary.

The third and last objection is to the instruction of the court that the jury might find the defendant guilty of assault and battery, if they did not find the intent to kill. In this the court was governed by the decision in The State v. Felner, 19 Wis. 561, which counsel criticises and asks to have overruled. He argues that the assault of which the jury are authorized to convict under sec. 10, ch. 179, R. S., is a *felonious* assault, and this, notwithstanding the plain language of the section, that the jury may so convict *in case they do not find the felonious intent*. It is the intent with which the assault is made, to commit murder or other felony, that makes it a felonious assault. That is the crime charged in the indictment, and when the intent is not found, though the assault may be, to still say that it is a felonious assault is to lose sight of all distinctions and definitions, and to make the statute inconsistent and meaningless. The felonious intent not being found, it becomes, of course, simple assault and battery, to be punished, according to the nature and circumstances of the case, in the manner prescribed by that section; and the fact that the punishment may not be so severe as in other cases of assault and battery (sec. 49, ch. 164), makes against, and not for, the position taken by the counsel. We have no doubt about the correctness of the decision referred to; and if it was made without giving the reasons, as counsel says, it was because the proposition was so plain that this was deemed unnecessary.

*By the Court.*—Conviction affirmed.